UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD JAMAL ISOM,

        Petitioner,

v.                                CASE NO. 14-11479
                                HONORABLE SEAN F. COX
CARMEN DENISE PALMER,

        Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTION TO AMEND (Dkt. #5), DENYING HIS MOTION FOR APPOINTMENT OF COUNSEL (Dkt. #6), AND DENYING HIS MOTION FOR AN EVIDENTIARY HEARING (Dkt. #7)

Petitioner Donald Jamal Isom, proceeding *pro se*, has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's state convictions for second-degree murder, conspiracy to commit armed robbery, attempted armed robbery, felon in possession of a firearm, carrying a concealed weapon (CCW), and four counts of possessing a firearm during the commission of a felony (felony firearm).  Petitioner alleges that:  (1) the trial court erred in denying his objections to the prosecutor's use of peremptory challenges to remove two prospective African-American jurors; (2) there was insufficient evidence to convict him of conspiracy to commit armed robbery; (3) there was insufficient evidence to convict him of felony murder; (4) he was denied a fair trial when a police witness and the prosecutor commented on his silence in the face of questioning; (5) he was denied a fair trial by the improper joinder of two counts; (6) the trial court exceeded the sentencing guidelines range without offering any explanation; (7) trial counsel was

ineffective for (a) failing to present a defense of self defense and request a jury

instruction on self defense and (b) failing to call or consult an expert witness to rebut the

prosecution's theory that Petitioner fired his weapon first; (8) appellate counsel was

ineffective for failing to raise a claim about trial counsel's ineffectiveness; and (9) he is

entitled to an evidentiary hearing on his claims about trial and appellate counsel.

Currently pending before the Court are Petitioner's motions for permission to

amend his habeas petition, for appointment of counsel, and for an evidentiary hearing.

A history of Petitioner's case follows as background for his motions, particularly his

motion for an evidentiary hearing.

## I. Procedural History

The facts leading to Petitioner's convictions have been summarized by the state

court as follows:

> Defendant's convictions arose out of the attempted robbery of
> Raychan Williams and the shooting death of Darnell Eiland. The evidence
> at trial indicated that on the night of the crimes, defendant and Prophet
> Phillips were driving around with Doretha Ransom. The men went
> together to Williams's apartment, where Phillips tried to convince Williams
> to open the door by stating that he wanted to buy drugs. When Williams
> refused to open the door, defendant pointed a gun at him. Williams
> jumped away, and defendant and Phillips returned to the car. Shortly
> thereafter, the three drove to another home, ostensibly to buy drugs.
> Defendant and Phillips went to the house while Ransom waited in the car.
> Ransom heard gunshots, and then defendant and Phillips returned to the
> car. Defendant had been shot in the hand. Defendant gave Phillips a
> gun, and then Phillips left. Ransom took defendant to the hospital. While
> defendant was being treated, Eiland's body was found. When the police
> came to the hospital to investigate defendant's gunshot wound and to
> determine if the Eiland death was related, defendant fled, but was
> apprehended shortly thereafter.

*People v. Isom*, No. 284857, 2010 WL 1404430, at *1 (Mich. Ct. App. Apr. 8, 2010).

Following his convictions, Petitioner was sentenced to sixty to ninety years in prison for

the murder and conspiracy convictions.  He also received five to ten years in prison for
the attempted armed robbery, felon-in-possession, and CCW convictions and two years
for each felony firearm conviction.

Petitioner raised his first six habeas claims on direct appeal from his convictions
and sentences.  The Michigan Court of Appeals affirmed his convictions, *see id.*, and on
September 9, 2010, the Michigan Supreme Court denied leave to appeal.  *See People
v. Isom,* 488 Mich. 854; 787 N.W.2d 488 (2010).

Petitioner subsequently filed a motion for relief from judgment in which he raised
his seventh and eighth habeas claims regarding trial and appellate counsel.  He claimed
that trial counsel was ineffective for failing to present a defense of self defense and
failing to request a jury instruction on self defense and that appellate counsel was
ineffective for failing to raise a claim about trial counsel's ineffectiveness.

The state trial court analyzed Petitioner's motion under Michigan Court Rule
6.508(D)(3), which prohibits a state court from granting relief from judgment if the
motion alleges grounds for relief that could have been raised on appeal.  An exception
exists if the defendant demonstrates "good cause for failure to raise such grounds on
appeal" and "actual prejudice from the alleged irregularities that support the claim for
relief."  Mich. Ct. R. 6.508(D)(3)(a) and (b).

The state court assumed that Petitioner had shown "actual prejudice" under Rule
6.508(D)(3)(b) because he would have had a reasonable chance of acquittal if trial
counsel had requested a self-defense instruction.  The court nevertheless determined
that Petitioner had not shown "good cause" for failing to raise his self-defense issues on
appeal because he resisted efforts to bring the issue before the courts.  Accordingly, the

3

court denied Petitioner's motion for relief from judgment.

Petitioner moved for reconsideration of the trial court's order on the ground that his appellate attorneys failed in their minimum obligations and duties to assist him in bringing his self-defense claims before the Michigan Court of Appeals. The trial court denied relief after concluding that it was unnecessary to hold a hearing on appellate counsel's alleged ineffectiveness. The court stated that there was no evidence to support a self-defense claim and, therefore, Petitioner was not entitled to such an instruction and appellate counsel's failure to preserve the issue for appeal was inconsequential.

Petitioner appealed the trial court's decision without success. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Rule 6.508(D). *See People v. Isom*, No. 312567 (Mich. Ct. App. Sept. 6, 2013); *People v. Isom*, 495 Mich. 947; 843 N.W.2d 505 (2014). On April 11, 2014, Petitioner filed his habeas corpus petition.

## II. The Motion to Amend

In his motion to amend, Petitioner does not seek to add or delete any new substantive claims to his habeas petition. Instead, he merely seeks permission to file a supporting memorandum of law and motions for appointment of counsel and for an evidentiary hearing. The motions and brief were properly filed. Accordingly, the motion to amend (Dkt. #5) is granted.

## III. The Motion for an Evidentiary Hearing

Petitioner seeks an evidentiary hearing on his claims that his trial and appellate attorneys were ineffective. Petitioner contends that an evidentiary hearing is needed to

develop a testimonial record regarding his trial attorney's failure to present a defense of

self-defense and counsel's failure to call an expert witness or to properly cross-examine

the State's expert witness.  Petitioner blames his appellate attorneys for not raising on

direct appeal the issue of trial counsel's ineffectiveness.

Under 28 U.S.C. § 2254(e)(2), a federal court may not hold an evidentiary

hearing if the petitioner failed to develop the factual basis for his claims in state court.

Exceptions to this rule exist when the petitioner is relying on a new and retroactive rule

of constitutional law or a factual predicate that could not have been previously

discovered.  Additionally, the petitioner must demonstrate that no reasonable factfinder

would have found him guilty of the underlying offense but for the constitutional error.

The Court will assume for purposes of this opinion that Petitioner is not at fault for failing

to develop the facts in state court.

When a habeas petitioner is not barred from obtaining an evidentiary hearing by

§ 2254(e)(2), "the decision to grant such a hearing rests in the discretion of the district

court."  *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).

> In deciding whether to grant an evidentiary hearing, a federal court
> must consider whether such a hearing could enable an applicant to prove
> the petition's factual allegations, which, if true, would entitle the applicant
> to federal habeas relief. . . .
>
> [I]f the record refutes the applicant's factual allegations or otherwise
> precludes habeas relief, a district court is not required to hold an
> evidentiary hearing.

*Id*. at 474.

Petitioner claims that, without an evidentiary hearing, it will be impossible for the

Court to determine whether trial counsel's omissions were sound trial strategy.  A

5

preliminary review of the record, however, suggests that Petitioner is precluded from obtaining relief on his ineffectiveness claims because neither trial counsel, nor appellate counsel, was ineffective.  The state trial court found no evidence supporting a defense of self defense and concluded that Petitioner would not have been entitled a jury instruction on self defense.  It therefore appears that defense counsel was not ineffective for failing to request an instruction on self defense and that appellate counsel was not ineffective for omitting the issue on appeal.

Furthermore, the state trial court determined that Petitioner procedurally defaulted his claim about trial counsel by not showing "cause" for his failure to raise the claim on direct appeal.  As for Petitioner's claim about appellate counsel, the trial court initially stated that Petitioner waived his claim about appellate counsel by short-circuiting his first appellate counsel's efforts to raise the issue and by ignoring or rejecting his second appellate counsel's advice to raise the claim in a *pro se* supplemental brief.  On reconsideration, the state court acknowledged that appellate counsel may have failed to assist Petitioner in bringing his claims to the Michigan Court of Appeals in a timely and proper manner.  The trial court nevertheless concluded that appellate counsel's failure to preserve the self-defense issue was inconsequential because there was an insufficient basis to support a self-defense jury instruction.

In light of the trial court's decisions on post-collateral review, Petitioner is not likely to be entitled to habeas relief on his ineffective-assistance-of-counsel claims even if he could develop a testimonial record at a hearing in this Court.  Accordingly, the motion for an evidentiary hearing (Dkt. #7) is denied.

**IV.  The Motion for Appointment of Counsel**

6

Petitioner alleges in his motion for appointment of counsel that he is unable to retain an attorney, that the issues are complex, and that his claims are meritorious. He also alleges that he needs the assistance of counsel to conduct an investigation.

"[T]there is no constitutional right to counsel in habeas proceedings." *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005. Appointment of counsel in a civil proceeding such as this one "is justified only in exceptional circumstances. To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (internal quotation marks and citations omitted).

Petitioner has ably represented himself thus far by submitting an 88-page, typewritten brief, which presents his habeas claims in a clear and logical manner with references to case law and citations to the record. And because an evidentiary hearing is unnecessary, the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). Therefore, the motion for appointment of counsel (Dkt. #6) is denied.

### V. Order

For the reasons given above,

IT IS ORDERED that Petitioner's motion to amend (Dkt. #5) is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner's motion for an evidentiary hearing (Dkt. #7) is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's motion for appointment of counsel

(Dkt. #6) is **DENIED**.


Dated:  December 22, 2014                    s/ Sean F. Cox
                                             Sean F. Cox
                                             U. S. District Judge


I hereby certify that on December 22, 2014, the foregoing document was served on counsel of record via electronic means and upon Donald Jamal Isom via First Class mail at the address below:

Donald Isom 304048
MICHIGAN REFORMATORY
1342 WEST MAIN STREET
IONIA, MI 48846

                                             s/ J. McCoy
                                             Case Manager